FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 3 0 2011

GREGORY C. LANGHAM
CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLORADO

Paul D. Thompson )
    Plaintiff )
 )  '11 - CV - 0 3 1 1 5
 )
 )   Case No _____
vs )
 )
 )
CAVALRY PORTFOLIO )
SERVICES )   Judge _____
 )
 )   Trial by Jury Demanded

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Paul D. Thompson, a natural person, who resides in Larimer County, Colorado

4. The Defendant in this lawsuit is CAVALRY PORTFOLIO SERVICES an unknown entity with offices at 500 Summit Lake Dr. Ste.4A, Valhalla, NY 10595.

## VENUE

5. The occurrences which give rise to this action occurred in and Plaintiff resides in Larimer County, Colorado

6. Venue is proper in the District of Colorado.

## GENERAL ALLEGATIONS

7. Plaintiff pulled his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff determined that his consumer credit report had been pulled on various occasions by various entities he did not recognize and without his consent.

9. Plaintiff found after examination of his TransUnion consumer credit report that Defendant CAVALRY PORTFOLIO SERVICES had pulled Plaintiff's TransUnion consumer credit report in June of 2009, February of 2010, Two (2) times in November of 2010, and February of 2011.

10. Discovery of violations brought forth herein occurred in May of 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT CAVALRY PORTFOLIO SERVICES

11. Paragraphs 1 through 10 are realleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant CAVALRY PORTFOLIO SERVICES.

18. At no time did Plaintiff give his consent for Defendant CAVALRY PORTFOLIO SERVICES to acquire his consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

> (2) the term "account" means a demand deposit, savings deposit, or other asset account <u>(other than an occasional or incidental credit balance in an open end credit plan</u> as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. **The definition of "account" clearly does not include an account such as a credit card open end credit account** but does include a **demand deposit account, savings deposit or other asset account** which is wholly different. The Plaintiff never had any such account of either type with CAVALRY PORTFOLIO SERVICES so there was obviously no permissible purpose for the credit pulls.

21. In June of 2009, February of 2010, Two (2) times in November of 2010, and February of 2011 Defendant, CAVALRY PORTFOLIO SERVICES obtained the consumer credit reports for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b. Plaintiff has no idea or indication as to what possible alleged account CAVALRY PORTFOLIO SERVICES could claim to have with him.

22. The action of Defendant CAVALRY PORTFOLIO SERVICES obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

Wherefore, Plaintiff demands judgment for damages against Defendant, CAVALRY PORTFOLIO SERVICES for statutory damages of $5000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated:

Respectfully Submitted,

_____
Paul Donald Thompson
33040 Poudre Canyon Hwy
Bellvue, CO. 80512
970-372-2969

Service to:

CAVALRY PORTFOLIO SERVICES
500 Summit Lake Dr. Ste. 4A
Valhalla, NY
10595